IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                    CRIMINAL ACTION NO. 2:18-cr-00004-5

STEVEN JONES

MEMORANDUM OPINION & ORDER

Pending is an Emergency Motion for Compassionate Release pursuant to 18 U.SC. § 3582(c)(1)(A) [ECF No. 259] and a Supplemental Motion for Compassionate Release [ECF No. 262], both filed by Defendant Steven Jones. For the reasons contained herein, the Motions are **DENIED**.

I.   BACKGROUND

On September 12, 2018, I sentenced Mr. Jones to a term of imprisonment of 132 months to be followed by five years of supervised release. Mr. Jones had pled guilty to one count of conspiracy to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846. [ECF No. 168]. Mr. Jones is now held in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institution Yazoo City Low in Mississippi ("FCI Yazoo Low").

Mr. Jones seeks an immediate reduction of his sentence to time served or, alternatively, to be placed on home confinement pursuant to Section 12003(b)(2) of the C.A.R.E.S. Act. Mr. Jones has several chronic illnesses including, latent

tuberculosis and hepatitis C. [ECF No. 259]. Mr. Jones states that he has been dealing with recurring MRSA infections which cause him to suffer from painful abscesses. However, FCI Yazoo physician Dr. Anthony Chambers has stated that he has seen no evidence to suggest that these MRSA infections are a chronic condition. [ECF No. 262, at 3].

Mr. Jones was given a heart monitor in March 2021 after he complained of heart palpitations. Dr. Chambers reported that the results of the monitoring were "unremarkable." [ECF No. 262, at 4]. In addition, Dr. Chambers states that Mr. Jones is at a low risk of developing fibrosis as a result of his positive hepatitis C diagnosis and that Mr. Jones has had repeated screenings to monitor his AST-Platelet Ratio Index. Each subsequent screening has shown low APRI scores, an indication that Mr. Jones is not at immediate risk of liver fibrosis. *Id.* Mr. Jones has also required several dental surgeries since he began serving his sentence. [ECF No. 262. Ex. 2, at 234-237].

## II. DISCUSSION

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

For me to reduce Mr. Jones' sentence under compassionate release, I must find that he has exhausted his administrative remedies, has demonstrated "extraordinary and compelling reasons," and find that his release is consistent with § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018).

a) **Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)**

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants must ask BOP to do so on their behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment. . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020).

The Government's Exhibit 1 shows that Mr. Jones submitted an inmate request to staff for a compassionate release on March 3, 2021. That request went unanswered. I find that Mr. Jones has satisfied the exhaustion requirement. Accordingly, I will decide whether Mr. Jones has demonstrated that extraordinary and compelling reasons justify his release.

b) **Extraordinary and Compelling Reasons**

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release."[1] *United*

---

[1] The specific extraordinary and compelling reasons listed in the Sentencing Guidelines for BOP to consider include i) the defendant is suffering from a terminal or serious medical condition; ii) age of defendant; iii) family circumstances of defendant; and iv) "other reasons." U.S.S.G. § 1B1.13; *United States v. Bass*, No. 1:10-

*States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But the United States Court of Appeals for the Fourth Circuit has clarified that district courts are not bound by the enumerated extraordinary and compelling reasons listed in Guidelines § 1B1.13 because the Guidelines have not been updated since the passage of the First Step Act. *See McCoy*, 981 F.3d at 284 ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means the district court need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."). "District Courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Many of the compassionate release motions that I have decided were related to the COVID-19 pandemic. Such motions required me to determine **i)** whether the petitioner demonstrated that he had a diagnosis of a condition that the CDC categorizes as one that puts a person at an increased risk of serious illness or death should they contract COVID-19; and **ii)** whether the petitioner had demonstrated that he was imprisoned in a BOP facility that was unable to control the spread of the virus. *See, e.g.*, *United States v. Owens*, 2020 WL 6162783, No. 2:13-cr-00073 (S.D. W. Va. Oct. 21, 2020).

Here, Mr. Jones does raise some concerns about the COVID-19 pandemic, and

---

CR-166 (LEK), 2020 WL 2831851, at *3–4 (N.D.N.Y. May 27, 2020). "Following the passage of the First Step Act, courts may independently determine whether such 'other reasons' are present in a given case, without deference to the determination made by the BOP." *United States of America v. Thaher,* No. 17 CR. 302-3 (KPF), 2020 WL 3051334, at *4 (S.D.N.Y. June 8, 2020).

he has tested positive for hepatitis C, an illness that the CDC advises might put a person at an increased risk of severe illness from COVID. *What to Know About Liver Disease and COVID-19*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last accessed August 16, 2021). But even allowing for the presumption that Mr. Jones' chronic illnesses do put him at a higher risk of a severe case of COVID-19, I would still be unable to find that he has demonstrated extraordinary and compelling reason for compassionate release because of the pandemic. First, Mr. Jones has been fully vaccinated for COVID-19; he received his second shot of the Pfizer vaccine shortly before he filed this Motion. [ECF No. 262, Ex. 2, at 191]. Second, Mr. Jones is unable to make the required showing that he is being held at a prison that is unable to contain the spread of the virus. The fact that BOP has vaccinated prisoners like Mr. Jones demonstrates the ability to control spread. FCI Yazoo Low is not experiencing a COVID-19 outbreak. There is only one active case among inmates at the FCI and none among staff. *COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last accessed, August 16, 2021). Therefore, I cannot find that Mr. Jones has demonstrated extraordinary and compelling reasons for his release by reason of the ongoing pandemic.

      The primary arguments that Mr. Jones sets forth for his release are related to what he describes as BOP's failure to properly treat and manage his numerous health concerns without regard to the COVID-19 pandemic. However, a review of the pertinent medical records reveals that Mr. Jones has received treatment. As I discussed above, Mr. Jones is at low risk of fibrosis. Mr. Jones was discovered to have tuberculosis but it is latent, meaning he suffers no symptoms and is not contagious.

[ECF No. 262 at 3]. Mr. Jones was prescribed medication for his latent tuberculosis and has been given follow up evaluations to monitor this condition in 2021. [ECF No. 262, Ex. 2, at 118]. Mr. Jones was placed on a heart monitor after experiencing palpitations but the monitoring did not reveal any serious concerns, according to BOP physician Dr. Chambers. [ECF No. 262, at 5].

Mr. Jones also argues that he has been denied effective dental treatment but this argument does not withstand scrutiny. The record demonstrates that while routine hygienic dental appointments have been less available to inmates during the pandemic, Mr. Jones did receive an oral surgery to correct a toothache as recently as May 2021 [ECF No. 262, Ex. 2, at 23].

Mr. Jones does suffer from several chronic illnesses, but they are not putting him in any immediate danger of harm or death. He has received medical monitoring and medication to manage these illnesses. Accordingly, I find that Mr. Jones has not demonstrated that extraordinary and compelling reasons exist to grant him an immediate reduction in his sentence to time served.

### III. CONCLUSION

For the reasons stated herein, the Motion and Supplemental Motion [ECF No.'s 259, 262] are **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: August 17, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE